**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BAYER U.S., LLC, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-00431 SRC |
| | ) | |
| HAI ZENG, | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

**I.     BACKGROUND**

In its Complaint, Bayer alleges Zeng misappropriated confidential information in violation of company policies, his employment agreement, and federal and state law.  Bayer asserts seven counts against Zeng: (1) Violations of the Computer Fraud and Abuse Act, (2) Misappropriation of Trade Secrets under the Defendant Trade Secrets Act of 2016, (3) Violation of the Missouri Uniform Trade Secrets Act, (4) Breach of Contract, (5) Conversion, (6) Replevin, and (7) Violation of the Missouri Computer Data Access and Fraud Statute.  Zeng filed a motion to dismiss the entirety of Bayer's Complaint.  Doc. 8.  The Court denies the Motion.

**II.    FACTS ALLEGED IN THE COMPLAINT**

In 2016, Zeng began working for Monsanto as a Business Architect (Supply Chain) in St. Louis County, Missouri.  As part of his employment, Zeng executed an Employment Agreement, in which he agreed to comply with the policies and procedures of Monsanto, including those related to security.  He also agreed to protect the confidential, trade secret, or proprietary character of all company confidential information, including to not use or disclose any

1

confidential information unless necessary for his job.  In 2018, Bayer acquired Monsanto, and as a result, is the successor of interest of Monsanto.

In April 2018, Bayer's internal data-security system alerted that Zeng had sent messages over his corporate email to other company employees about a multi-level marketing arrangement.  This appeared to violate company policies so Bayer's internal security team conducted a review of Zeng's use of company computer systems and data.  This review revealed that Zeng had violated the company's Information Security Policy in several ways including the unauthorized use of a proxy web browser application on a Bayer device.  Bayer discovered Zeng had also deleted applications, application data, credentials, and files from his Bayer iPhone and had taken hundreds of confidential files and documents by sending them to his personal email accounts and by uploading them to his personal Dropbox account.

Bayer did not authorize the removal of these confidential files, which included sensitive information about Bayer's operations, products, and business plans.  One file taken, the "Scheduled Data Sheets," contained information outputs from a confidential, proprietary data optimization model that Monsanto used to develop its production, supply, and distribution plans. Someone could use the data in these sheets to determine Monsanto's future production and inventory plans, including location-specific inventory information.  Bayer, through Monsanto, invested substantial resources in developing this model and derives substantial economic value from this data remaining secret.

Zeng also took a Monsanto customer information database that identified hundreds of customers within a particular geographic region along with their contact information.  Bayer, through Monsanto, invested substantial resources in creating this database and derives substantial

economic value from it remaining secret.  A competitor could use this database for customer outreach and marketing without making the investment Monsanto did to create it.

At all times, Bayer has taken measures to preserve the confidentiality of these and other materials including contractual non-disclosure obligations for all persons having access to the materials, detailed policies governing the use and dissemination of confidential materials; and an internal data-security system to identify suspicious access and use of confidential data.

In October 2018, Bayer suspended Zeng, with pay, pending an internal investigation. Bayer has diverted substantial and valuable employee time and efforts to investigate Zeng's actions, retained a third-party forensics investigation firm to whom Bayer has paid more than $20,000, and retained outside counsel to investigate and determine the need for additional remedial steps to protect Bayer's confidential information.

## II.    STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-

73 (8th Cir. 2010).  Ordinarily, only the facts alleged in the complaint are considered for

purposes of a motion to dismiss; however, materials attached to the complaint may also be

considered in construing its sufficiency.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir.

2011).

      When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor

of the plaintiff[.]"  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir.

2010).  However, if a claim fails to allege one of the elements necessary to recover on a legal

theory, the Court must dismiss that claim for failure to state a claim upon which relief can be

granted.  *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  Threadbare recitals of

a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*, 556 U.S. at

678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  Although courts must accept all

factual allegations as true, they are not bound to take as true a legal conclusion couched as a

factual allegation.  *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*,

556 U.S. at 677-78.

## III.    DISCUSSION

      In his Motion, Zeng lists numerous arguments as to why the Court should dismiss

Bayer's Complaint.  Each argument is one to two sentences with no supporting citations beyond

one cite to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct.

1937 (2009).  The Court need not consider Zeng's undeveloped arguments.  *See United States v.*

*Roberts*, 881 F.3d 1049, 1053 (8th Cir. 2018) (refusing to consider an argument not developed in

the briefs); *see also* Loc. R. 4.01(A) ("Unless otherwise directed by the Court, the moving party

must file with each motion a memorandum in support of the motion, including any relevant

argument and citations to any authorities on which the party relies.").  The Court will

4

nonetheless consider Zeng's Motion on the merits but advises his counsel to comply with all controlling authority in his future filings.

Zeng argues that he does not have an employment contract with Bayer because Bayer is not a signatory to the contract, Bayer has not pled fraud with specificity, Bayer has not pled a sufficient breach of the Computer Fraud and Abuse Act, the Court should dismiss all pendant state claims, Bayer has not adequately alleged harm or damages, and more. He also asks the Court to stay these proceedings because he has initiated a complaint with the EEOC for employment discrimination.

The Court has thoroughly reviewed the Complaint and finds Bayer has sufficiently pleaded each of its claims under the appropriate statute or common law. In its first count, Bayer asserts several violations of the Computer Fraud and Abuse Act including 18 U.S.C. §§ 1030(a)(2), (a)(4), and (a)(5). Section (a)(2) requires Bayer to allege Zeng intentionally accessed a computer without authorization, or by exceeding his authorization, and obtain, as it relates here, information from any protected computer. 18 U.S.C. § 1030(a)(2). Section (a)(4) requires Bayer to allege Zeng knowingly and with intent to defraud accessed a protected computer without authorization, or by exceeding his authorization, and "by means of such conduct furthered the intended fraud" and obtained anything of value, besides the use of the computer. 18 U.S.C. § 1030(a)(4). Finally, sections (a)(5)(A) and (C), under which Bayer makes its allegations, requires Bayer to (A) allege Zeng knowingly caused the transmission of a program, information, code, or command, and as a result intentionally caused damage without authorization to a protected computer, and (C) intentionally access a protected computer without authorization resulting in damage and loss. 18 U.S.C. § 1030(a)(5)(A), (C). Bayer's factual

allegations, reiterated above, state a claim under each of these sections of the Computer Fraud and Abuse Act.

In its second count, Bayer asserts a violation of the Defend Trade Secrets Act, and in its third count a violation of the Missouri Uniform Trade Secrets Act.  To plead a claim under either statute, Bayer must allege the existence of a protectable trade secret, misappropriation of those trade secrets by Zeng, and damages.  18 U.S.C. § 1836(b)(1); Mo. Rev. Stat. §§ 417.450-417.467; *Phyllis Schlafly Revocable Trust v. Cori*, No. 4:16CV01631 JAR, 2016 WL 6611133 at *2 (E.D. Mo. Nov. 9, 2016).  Bayer sufficiently alleges the information at issue constituted trade secrets, Zeng misappropriated those secrets, and Bayer incurred damages as a result.  *See* 18 U.S.C. § 1839(3), (5) (definitions of "trade secret" and "misappropriation"); Mo. Rev. Stat. § 417.453(2), (4) (same).

The remainder of Bayer's claims the Court will not address individually.  Bayer has sufficiently stated a claim under each count and the Court finds Zeng's arguments to the contrary lack merit and support.  Additionally, the Court sees no reason to stay the case due to a potential pending EEOC complaint, nor does Zeng provide any support for this argument.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Hai Zeng's Motion to Dismiss [8] is **DENIED**.

So Ordered this 31st day of July, 2020.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**